1  Tammy Hussin, Esq. (Bar No. 155290)
2  Lemberg & Associates, LLC
   6404 Merlin Drive
3  Carlsbad, CA 92011
4  Telephone (855) 301-2100 ext. 5514
   thussin@lemberglaw.com
5

6  Lemberg & Associates, LLC
   1100 Summer Street
7  Stamford, CT  06905
8  Telephone:  (203) 653-2250
   Facsimile:  (203) 653-3424
9

10 Attorneys for Plaintiff,
   Carmina Quevedo
11

12

13
                    UNITED STATES DISTRICT COURT
14
                  EASTERN DISTRICT OF CALIFORNIA
15                       FRESNO DIVISION

16

17 Carmina Quevedo,                    | Case No.:
18
                    Plaintiff,         | **COMPLAINT FOR DAMAGES**
19                                      | **1. VIOLATION OF FAIR DEBT**
                                        | **COLLECTION PRACTICES ACT, 15**
20      vs.                            | **U.S.C. § 1692 *ET. SEQ*;**
21                                      | **2. VIOLATION OF FAIR DEBT**
   Midland Credit Management, Inc.; and | **COLLECTION PRATICES ACT,**
22 DOES 1-10, inclusive,               | **CAL.CIV.CODE § 1788 *ET. SEQ.***
23                                      | **3. VIOLATIONS OF THE**
                    Defendants.        | **TELEPHONE CONSUMER**
24                                      | **PROTECTION ACT –**
25                                      | **47 U.S.C. § 227, *ET SEQ.***
26
27                                      | **JURY TRIAL DEMANDED**

28

For this Complaint, the Plaintiff, Carmina Quevedo, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.     The Plaintiff, Carmina Quevedo (hereafter "Plaintiff"), is an adult individual residing in Visalia, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and is a "person" as defined by 47 U.S.C. § 153(10).

5.     The Defendant, Midland Credit Management, Inc. (hereafter "Midland"), is a company with an address of 8875 Aero Drive, Suite 200, San Diego, California 92123, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C. § 153(10).

6.    Does 1-10 (the "Collectors") are individual collectors employed by Midland and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.    Midland at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.    The Debt**

8.    The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.    The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.    The Debt was purchased, assigned or transferred to Midland for collection, or Midland was employed by the Creditor to collect the Debt.

11.    The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.    The Facts**

12.    Within the last year, Midland contacted Plaintiff in an attempt to collect the Debt.

13.    Midland called Plaintiff at her cellular telephone at an excessive rate, placing two to three calls per day.

14.    Additionally, Midland called Plaintiff's ex-husband and left a message, stating that a lawsuit would be immediately filed against Plaintiff if the Debt was not paid. Such disclosure of Plaintiff private affairs to her ex-husband caused Plaintiff much embarrassment and humiliation.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

15.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16.    The Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

17.    The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

18.    The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

19.    The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

20.    The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

4

21.    The Plaintiff is entitled to damages as a result of the Defendants'

violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION
## PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.*

22.    The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

23.    The Rosenthal Fair Debt Collection Practices Act, California Civil Code

section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices

in the collection of consumer debts.

24.    Midland Credit Management, Inc., in the regular course of business,

engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code §

1788.2(c).

25.    The Defendants caused a telephone to ring repeatedly and engaged the

Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation

of Cal. Civ. Code § 1788.11(d).

26.    The Defendants communicated with the Plaintiff with such frequency as

to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

27.    The Defendants failed to comply with the provisions of 15 U.S.C. § 1692,

et seq., in violation of Cal. Civ. Code § 1788.13(e).

28.    The Defendants communicated information about the debt to the

Plaintiff's extended family, without the intent of confirming the Plaintiff's location and

1
2
3

without consent from the Plaintiff or the Plaintiff's attorney, in violation of Cal. Civ.

Code § 1788.12(b).

4

29.    The Defendants did not comply with the provisions of Title 15, Section

5

1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

6
7

30.    The Plaintiff is entitled to damages as a result of the Defendants'

8

violations.

9
10
11

**COUNT III**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227, *et seq.***

12

31.    The Plaintiff incorporates by reference all of the above paragraphs of this

13
14

Complaint as though fully stated herein.

15

32.    At all times mentioned herein and within the last four years, Defendants

16

called Plaintiff on her cellular telephone using an automatic telephone dialing system

17
18

("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

19

33.    Midland did not have Plaintiff's prior express consent to place the calls to

20

her cellular telephone.

21
22

34.    The use of a Predictive Dialer when calling a cellular telephone without

23

consent is prohibited under the TCPA.  *2003 TCPA Order*, 18 FCC 36 Rcd 14022. The

24
25

Federal Communications Commissions explains a Predictive Dialer as "a dialing

26

system that automatically dials consumers' telephone numbers in a manner that

27

"predicts" the time when a consumer will answer the phone and a [representative] will

28

be available to take the call…". When a representative in not "free to take a call that

6

has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

35.     Defendant's telephone systems have all the earmarks of a Predictive Dialer. When Plaintiff answered the phone, Defendants' telephone system did not connect the call to a live representative and the phone system would terminate the call, or Plaintiff was met with a period of silence before Defendants' telephone system would connect her to the next available representative. Plaintiff was required to say "hello" several times before Defendants' phone system would connect Plaintiff to the next available representative.

36.     Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

37.     Plaintiff never provided her cellular telephone to Defendants and never provided her consent to be contacted on her cellular telephone, and in fact instructed Defendants on multiple occasions to stop all calls to her.

38.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

39.     Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

7

40.     As a result of each of Defendant's negligent violations of the TCPA,

Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in

violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

41.     As a result of each of Defendant's knowing and/or willful violations of the

TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00

for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47

U.S.C. § 227(b)(3)(C).

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

42.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

43.     The Restatement of Torts, Second, § 652B defines intrusion upon

seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of

another, or his private affairs or concerns, is subject to liability to the other for invasion

of privacy, if the intrusion would be highly offensive to a reasonable person."

44.     California further recognizes the Plaintiff's right to be free from invasions

of privacy, thus the Defendants violated California state law.

45.     The Defendants intentionally intruded upon Plaintiff's right to privacy by

continually harassing Plaintiff with the above referenced telephone calls.

46.     The telephone calls made by the Defendants to Plaintiff were so persistent

and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a

8

substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

47.   The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

48.   As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

49.   All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

9

1

2

3

E.  Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

4

F.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

5

6

7

8

9

10

11

G.  Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy and intentional infliction of emotional distress in an amount to be determined at trial for the Plaintiff;

12

H.  Punitive damages; and

13

14

I.  Such other and further relief as may be just and proper.

15

16

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

17

DATED:  November 25, 2013                    TAMMY HUSSIN

18

19

20

21

By:___/s/   *Tammy Hussin*_____
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff, Carmina Quevedo

22

23

24

25

26

27

28